JOHN ALLEN ET AL. v. M. KOEPSEL ET AL.

No. 6558.

1.  **Limitation—Privity—Lease.**—It is the duty of the court to instruct the jury upon the effect of written documents in evidence. See an acknowledgment held to evidence a holding as of tenancy supporting the defense of limitation.

2.  **Footsteps of Surveyor.**—It being in issue whether the east line of a survey was the Guadalupe River or was a slough or old river bed taken by mistake for the river, it was competent to show by the original field notes of the survey from the Land Office that although calling for the river the meanders given did not conform to the bed of the river, but did very nearly follow the course of the slough. Upon such evidence tending to show the footsteps of the surveyor it was proper to submit to the jury the question as to the locality of the east line as made by the surveyor; that is, whether the slough or the river was the original line as made by the surveyor.

APPEAL from Guadalupe. Tried below before Hon. Geo. McCormick.

This is a suit involving the title to about 130 acres of land claimed by plaintiff to be part of the Moseley Baker league grant on the right bank of the Guadalupe River. The defendants insist that it was not included in the Baker grant; that although the Baker grant calls for the Guadalupe River for its east boundary, yet the surveyor by mistake took a slough or the old river bed for the river in running the east boundary line. The original field notes of the Baker grant, not included, however, in it, in the meanders given for the river correspond very nearly with the slough and not with the river.

The defendants relied upon limitation as a defense, and the only question made upon this matter is the action of the court in charging that a written instrument signed by one Theile, by which he acknowledged title in Saunders and was to hold for him, evidenced a tenancy or holding under Saunders.

The court submitted to the jury whether the Baker survey as run by the surveyor was actually made upon the river or the slough for the east boundary.

The verdict and judgment were for the defendants. The plaintiffs appealed. Other facts are in opinion.

*W. E. Goodrich* and *James Greenwood,* for appellants. — 1. The court should conform its charge to the facts in evidence, and not assume that to be evidence which was not proved. Railway v. Faber, 63 Texas, 344; Railway v. Gilmore, 62 Texas, 391; Cobb v. Beall, 1 Texas, 342; Crozier v. Kirker, 4 Texas, 252; Golden v. Patterson, 56 Texas, 628.

2. The grantee or patentee is not presumed to know and is not bound by field notes, though in conflict with the calls in the grant or patent, unless they have been embodied therein. Koepsel v. Allen, 68 Texas, 446.

3. Where there are conflicts in the calls, the footsteps of the surveyor must be followed if they are proved to the jury. The calls in the grants or patents themselves must furnish the bases for the surveyor to run the lines, and not the field notes filed in the Land Office and not in the grant or patent; and this rule would apply more strongly as to the vendee of the grantee or patentee whose deed calls for a navigable stream as one of his lines. Castleman v. Pouton, 51 Texas, 85; Jones v. Burgett, 46 Texas, 285; Booth v. Upshur, 26 Texas, 64; Booth v. Strippleman, 26 Texas, 436.

*John Ireland,* for appellees, cited Welder v. Carroll, 29 Texas, 332, 333; Booth v. Strippleman, 26 Texas, 436; Browning v. Atkinson, 37 Texas, 633; Blumberg v. Mauer, 37 Texas, 2; Hubert v. Bartlett, 9 Texas, 97; Jones v. Burgett, 46 Texas, 285; Stafford v. King, 30 Texas, 257; Koenigheim v. Miles, 67 Texas, 114; Echols v. McKie, 60 Texas, 41; Whitehead v. Foley, 28 Texas, 1; Lindsay v. Jaffray, 55 Texas, 633; Christy v. Alford, 17 How., 600; Swisher v. Grumbles, 18 Texas, 164.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellants, who claimed that the land in controversy formed part of a league granted to Moseley Baker. The defendants pleaded not guilty and the statutes of limitation.

The cause was once before appealed to this court, and a statement of it will be found in 68 Texas, page 446.

The land in controversy lies between the Guadalupe River and a slough lying west of the river. The Baker title calls for the river, but defendants contended in the court below that the surveyor who located it mistook the slough for the river and meandered that instead of the river.

It was reversed on the former appeal because the court charged the jury that they should find for the plaintiffs if they showed title to the Baker league, unless they should find for the defendants under their pleas of the statute of limitations.

The land between the slough and the river was located with a certificate by one Saunders. The defendants undertook to prove title by limitation under the Saunders location, beginning with one Young who held under him. Subsequently Young sold his interest to one Thiele, who went into possession, and testified that he held for Saunders and signed and delivered to him the following instrument:

"I have this day taken possession of the tract of land known as the Island lying between the Moseley Baker league and the river. I am to hold said land for Frank Saunders free of rent until such time as he may want it. It is the same land taken possession of by J. W. Young for said Saunders April 23, 1873.

"I am to have for my own use any drift wood that I may want, and also to put on it any improvements I may wish, with the privilege of using them, but under no circumstances to cut any timber or let any one cut.

[Signed]                                      "WILLIAM THIELE."

The first error assigned is as follows: "The court erred in charging the jury at request of the defendants that the lease taken by Thiele from Saunders and read in evidence 'shows a privity between Thiele and Saunders, and will enable defendants to set up the statute of limitations under the Saunder's location,' because there was no lease taken by Thiele from Saunders read in evidence, and such a charge was calculated to mislead the jury."

The agreement signed by Thiele very clearly showed that he was holding the land as the tenant of Saunders, and fully sustains the charge complained of.

The court charged the jury as follows: "In determining the true boundaries of the Baker grant the sole question for your consideration is to ascertain exactly where the surveyor who laid it out ran his lines; and if you find from the evidence that the surveyor ran the lines so that they included the land now in controversy, then your verdict must be for plain-

tiffs, unless you find for defendants under their pleas of limitation. But if you find that said surveyor ran the line along said slough, as claimed by defendants, then you will find for-defendants, paying no attention to the question of limitation. If the surveyor who surveyed the Baker grant mistook the slough for the river and fixed the boundary on said slough and actually ran the line of the grant along it instead of running it with or to the river, then the line so run would be the true line of said grant, although the lines may call for the river in the grant."

The defendants introduced evidence tending to show that the surveyor of the land for the Baker grant did in fact meander the slough instead of the river. We think the evidence justified the charge, and that it was correct.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered May 30, 1890.

*W. E. Goodrich* filed motion for rehearing, which was overruled.